CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

7/17/2024

LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
   DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

MARTIN MISJUNS,                              )
                                             )
                                             )      **Civil Action No. 6:21-cv-00025**
    **Plaintiff,**                          )
                                             )      **By: Hon. Robert S. Ballou**
v.                                           )      **United States District Judge**
                                             )
CITY OF LYNCHBURG, et al.,                   )
                                             )
                                             )
    **Defendant.**                          )

### Memorandum Opinion

An individual suing a municipality under 42 U.S.C. § 1983, regardless of the type of relief sought, must plead, and prove that the City acted through an official policy or custom. *See Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 37–38 (2010). This Court previously held that Plaintiff Martin Misjuns failed to allege that the City of Lynchburg violated his First Amendment rights through an official policy or custom, and that Misjuns had therefore failed to state a claim against the City. Nevertheless, the case was improperly permitted to continue against the City, the sole remaining defendant, because of alleged actions taken by individual defendants in their official capacities. Because the Court cannot grant any form of relief against the City absent a showing that the City acted through policy or custom, the Court's prior order on Defendant's Motion to Dismiss, Dkt. 36, is amended pursuant to Fed. R. Civ. P. 54(b) to **DISMISS** Misjuns' claims in their entirety pursuant to Fed. R. Civ. P. 12(b)(6).

### BACKGROUND

On January 10, 2023, Misjuns filed an amended complaint for damages and injunctive relief against the City, former Lynchburg Mayor Mary Jane Tousignant Dolan, former interim City Manager Reid Wodicka, and former Vice-Mayor Beau Wright in their official capacities.

Dkt. 24. Misjuns alleged that Defendants terminated him in retaliation for expressing his constitutionally protected freedoms of political speech and free exercise of religion. He pled claims for breach of contract against the City, claims for wrongful termination and conspiracy under 42 U.S.C. § 1985 against individual defendants, and constitutional claims for violation of his rights to Free Speech, Free Exercise of Religion, and the Equal Protection of the Laws against all Defendants. *Id.*

Defendants moved to dismiss. Dkt. 26. On April 20, 2023, the Court dismissed Misjuns's breach of contract, wrongful termination, equal protection, and conspiracy claims. Dkt. 36. Additionally, the Court held that Misjuns failed to allege facts sufficient to state a claim against the City under *Monell v. Dep't of Soc. Svcs.* 436 U.S. 658 (1978).  It reasoned, "Plaintiff has alleged no facts indicating that the City acted through an express policy, through decisions of persons with final policymaking [authority], through any omission manifesting deliberate indifference to the rights of citizens, or through a practice so persistent and widespread as to constitute a custom or usage with the force of law." Dkt. 36 at 23.

The Court also dismissed Misjuns's First Amendment claims against the individual defendants. However, it permitted the First Amendment claims to proceed against the City based on the actions taken by the individual defendants in their official capacities. *Id.* at 15–16.  In doing so, the court implicitly recognized that a claim against an official in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent…."  *Monell*, 436 U.S. 159 n.55. Dkt. 36 at 12 n.7 ("Plaintiff and Defendants have since agreed that the claim against each Individual Defendant in his or her official capacity 'should be dismissed as duplicative [of those against the City].'"). The Court summarized its holding:

Plaintiff's First Amendment Claims against the City, based on suing the Individual
Defendants in their official capacities and brought pursuant to § 1983, survive. All of
Plaintiff's other claims are dismissed.

*Id.* at 25.

The Court now dismisses Misjuns's remaining claims against the City, because § 1983

claims cannot proceed against a municipality where a plaintiff has failed to allege facts sufficient

to state a claim under *Monell. See Humphries,* 562 U.S. at 37–38.

## ANALYSIS

Misjuns's § 1983 First Amendment claims, the only remaining claims in this case, cannot

proceed against the City, because the Court found that Misjuns failed to allege that the City was

liable under *Monell.*[1] In *Monell*, the Supreme Court held that municipalities may be held liable

for the deprivation of constitutional rights under 18 U.S.C. § 1983 only "where the municipality

causes the deprivation through an official policy or custom." *Carter v. Morris*, 164 F.3d 215, 218

(4th Cir. 1999) (citing *Monell*, 436 U.S. at 690–91). The Supreme Court later clarified in

*Humphries*, 562 U.S. at 30 that the "policy or custom requirement applies in § 1983 cases

irrespective [of the relief sought]." In other words, a plaintiff seeking any relief from a city under

§ 1983 *must* allege that the city acted through official policy or custom or face dismissal.

Here, the Court held that Misjuns failed to allege that the City acted through official

policy or custom. Dkt. 36 at 23. However, it allowed Misjuns' claims to proceed against the City

based on the actions taken by the individual defendants in their official capacities. Such a claim

is not permissible. Under *Monell* and *Humphries*, an individual has no claim under § 1983

---

[1] This Order does not amend the Court's prior holding that Misjuns failed to adequately allege a *Monell* claim under
Fed. R. Civ. P. 54(b). It would be inappropriate to do so as there is no "clear error" in the Court's *Monell* finding.
*See U.S. Tobacco Cooperative Inc. v. Big South Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018)
("[A] court may revise an interlocutory order under the same circumstances in which it may depart from the law of
the case (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear
error causing manifest injustice.") (internal quotation omitted).

against a municipality, regardless of the relief sought, unless it acted through official policy or custom. Accordingly, the Court's prior order on Defendants' Motion to Dismiss, Dkt. 36, is amended pursuant to Fed. R. Civ. P. 54(b) to **DISMISS** Misjuns's claims against the City in their entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Entered:  July 17, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge