CLERKS OFFICE U.S. DIST. COURT
LYNCHBURG, VA
FILED

March 30, 2026

LAURA A. AUSTIN, CLERK
BY: /s/  B. McAbee
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| MARTIN MISJUNS, ) | |
| ) | |
| ) | **Civil Action No. 6:21-cv-00025** |
| **Plaintiff,** ) | |
| ) | **By: Hon. Robert S. Ballou** |
| v. ) | **United States District Judge** |
| ) | |
| CITY OF LYNCHBURG et al., ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This case is before the Court on Plaintiff's Motion for Relief of Judgment, to Reopen Case and to Permit Amendment of Complaint. Dkt. 120. The motion is **DENIED**.

## BACKGROUND

Plaintiff Martin J. Misjuns served as a Fire Captain and paramedic for the City of Lynchburg until his termination in October 2021. The termination followed an investigation into Misjuns's social media activity—in particular, Facebook posts of editorial cartoons targeting transgender individuals. After his termination, Misjuns filed suit against the Lynchburg Fire Department; the City of Lynchburg; and individual Defendants Mary Jane Dolan, Beau Wright, and Reid Wodicka for breach of contract, First Amendment violations, equal protection violations, conspiracy, and wrongful termination.

On April 20, 2023, the Court granted Defendants' motion to dismiss in part, allowing only the First Amendment claims against the City of Lynchburg to proceed. Dkt. 37. The case then progressed through discovery.

On July 17, 2024, I issued an order pursuant to Rule 54(b) dismissing the remaining First Amendment claims because no form of relief could be granted when Judge Moon had already

determined that Misjuns failed to sufficiently plead a *Monell* claim against the City. Dkt. 106.

The dismissal was entered without prejudice.

Misjuns appealed to the Fourth Circuit on August 15, 2024. On June 5, 2025, the Fourth

Circuit affirmed this Court's dismissal in a published opinion. *Misjuns v. City of Lynchburg*, 139

F.4th 378 (4th Cir. 2025). In doing so, it held that Misjuns "has not adequately pleaded" that his

termination resulted from "a decision of a person with final policymaking authority" for

purposes of *Monell*. *Id.* at 384. The Fourth Circuit entered its mandate on June 27, 2025. Dkt.

119.

Having lost at the Fourth Circuit, Misjuns now seeks to reopen the case, set aside the

judgment, and amend the complaint. Misjuns contends that the depositions of former interim

City Manager Reid Wodicka, HR Director Michelle Jackson, Mayor Mary Jane Dolan, and Fire

Chief Gregory Wormser revealed newly discovered evidence supporting both his *Monell* claim

and his equal protection claim. These depositions were taken in April 2024 during discovery

before I dismissed the case. As to the *Monell* issue, Misjuns claims that Wodicka, Jackson,

Dolan, and Wormser testified that the City Manager's office supervised the investigation into

Misjuns's misconduct and endorsed his termination. *See* Dkt. 121 at 4–7. Misjuns also contends

that the deposition testimony revealed that the City treated him differently than Brian Younger, a

Black firefighter who posted racially inflammatory content on social media around the same time

as Misjuns's posts. Misjuns suggests that the City did not immediately terminate Younger for his

social media activity. *See id.* at 7–13. Misjuns argues that the deposition testimony supports his

*Monell* claim and setting aside the judgment order granting the motion to dismiss.

Despite discovering this evidence in April 2024, Misjuns did not move to amend his

complaint or seek reconsideration of the April 20, 2023, dismissal order. Instead, only after the

case was dismissed in the trial court and affirmed on appeal did Misjuns argue, for the first time, that newly discovered evidence (found during the discovery process) provides grounds under Rule 60(b)(2) or, alternatively, Rule 60(b)(6), to reopen the case to reconsider Judge Moon's initial decision to dismiss the *Monell* claim and the equal protection claim. In short, Misjuns waited until this late stage to assert this new evidence in an amended complaint. Dkt. 120.

## **STANDARD OF REVIEW**

"Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (internal quotation marks and citation omitted). The Fourth Circuit applies a two-part test. "To prevail, a party must demonstrate (1) timeliness, (2) a meritorious defense [or claim], (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). "Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Justus v. Clarke*, 78 F.4th 97, 105–06 (4th Cir. 2023) (citing *Dowell*, 993 F.2d at 48), *cert. denied sub nom. Dotson v. Justus*, 144 S. Ct. 1096 (2024).

Relevant to this motion, Misjuns asserts that he is entitled to relief under Rule 60(b)(2) based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." He also relies on Rule 60(b)(6), which allows the court to relieve a party from a final judgment for "any other reason that justifies relief," but concedes that Rule 60(b)(6) is only available if Rule 60(b)(2) does not apply.

The disposition of a Rule 60(b) motion "is a matter which lies largely within the discretion of the trial judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). Appellate courts review such rulings for abuse of discretion. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011).

## ANALYSIS

Because Misjuns's motion is based on newly discovered evidence obtained during depositions, I analyze this motion under Rule 60(b)(2) rather than the catchall provision of Rule 60(b)(6). Rule 60(b)(6) is available "only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U.S. at 533 (citation omitted); *see also BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025) (explaining that Rule 60(b)(6) covers only grounds "not already covered by the preceding five paragraphs").

## I.    Threshold Requirements

A plaintiff must satisfy four threshold requirements to establish relief under Rule 60(b)(2): timeliness, a meritorious claim, lack of unfair prejudice, and exceptional circumstances. Misjuns fails to meet any of the four.

### A.    Timeliness

Rule 60(b)(c) imposes deadlines for filing a timely Rule 60(b) motion. All such motions must be filed "within a reasonable time," and motions under Rule 60(b)(2) must also be filed within one year "after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). "[T]he movant bears the burden of showing timeliness." *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016) (citing *Werner v. Carbo*, 731 F.2d 204, 206–07 & n.1 (4th Cir. 1984)).

I dismissed Misjuns's case on July 17, 2024, resolving all remaining claims. Misjuns filed his Rule 60(b) motion on July 1, 2025, falling within the one-year limit.[1] However, the Fourth Circuit applies a strict "reasonable time" standard even if the one-year deadline is met. *United States v. Williams*, 56 F.4th 366, 370 (4th Cir. 2023) ("[T]he one-year limit is an *outer* limit of what may be timely." (emphasis in original)). Courts have found delays of just a few months untimely without valid explanation. *See McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (finding three-and-a-half months unreasonable); *Cent. Operating Co. v. Util. Workers of Am., AFL-CIO*, 491 F.2d 245, 253 (4th Cir. 1974) (finding four months unreasonable); *Consol. Masonry & Fireproofing, Inc.*, 383 F.2d at 251 (finding two-and-a-half months unreasonable). Here, Misjuns discovered the new evidence in April 2024 but waited until July 2025 to file this motion—over 15 months.

Misjuns argues that his delay is justified because he made a strategic decision to appeal first, hoping to obtain a favorable ruling on his First Amendment claims from the Fourth Circuit before returning to address his dismissed claims with newly discovered evidence. It is true that nothing bars a plaintiff from filing a Rule 60(b) motion after noting an appeal.[2] Indeed, appeal is a standard procedural option, and parties are not required to exhaust every conceivable motion

---

[1] Misjuns's municipal liability claims were dismissed on April 20, 2023, and the newly discovered evidence he relies upon primarily relates to these claims. Ordinarily, Misjuns would be beyond the one-year statutory deadline for challenging the Order, but because the Court did not direct entry of final judgment on the dismissed claims, Rule 60(b) does not apply to that dismissal.

[2] The issue is not whether the Court has jurisdiction to consider the motion. *See Standard Oil Co. of California v. United States*, 429 U.S. 17, 17 (1976) (holding that a district court may entertain a Rule 60(b) motion without appellate leave); *Sanders v. Fam. Dollar Stores, Inc.*, No. 0:15-CV-00586-JMC, 2018 WL 797531, at *3 (D.S.C. Feb. 8, 2018), *aff'd*, 718 F. App'x 218 (4th Cir. 2018). Rather, it is whether Misjuns's motion satisfies Rule 60(b)'s substantive requirements—specifically the reasonable time requirement.

practice in the district court before appealing. However, the existence of a right to appeal does not mean that choosing to appeal rather than promptly presenting newly discovered evidence to the district court is automatically reasonable under Rule 60(c)(1). Courts must evaluate whether the delay was reasonable under all the circumstances.

Here, the circumstances demonstrate that Misjuns's delay was unreasonable. When Misjuns discovered the relevant evidence in April 2024, his case remained pending in this Court. Because Judge Moon's April 20, 2023, order was an interlocutory order, this Court retained jurisdiction to reconsider that order "at any time" before entry of final judgment. *See* Fed. R. Civ. P. 54(b); *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). Misjuns therefore had several options available to him when he discovered the evidence. He could have filed a motion under Rule 54(b) seeking reconsideration of the April 20, 2023, dismissal order. He could have also filed a motion under Rule 15(a)(2) seeking leave to amend his complaint to incorporate the new evidence. Alternatively, after final judgment was entered on July 17, 2024, he could have filed a Rule 59(e) motion to alter or amend the judgment. Lastly, Misjuns could have filed a Rule 60(b) motion while his appeal was pending. In *Fobian v. Storage Technology Corp.*, 164 F.3d 887, 890 (4th Cir. 1999), the Fourth Circuit explained that a district court may entertain a Rule 60(b) motion filed while a judgment is on appeal when the matter is "in aid of appeal." *See also Cochran v. Holder*, No. 1:06CV1328 (JCC), 2010 WL 2342430, at *2 (E.D. Va. June 4, 2010). Indeed, *Fobian* set forth a procedure for district courts to hear such motions,[3] finding that this procedure saves judicial resources and avoids expense and delay. *See* 164 F.3d at 891.

---

[3] "If the district court determines that the motion is meritless . . . the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short

Misjuns did none of the above. Instead, he chose the one option which was clearly not reasonable. He discovered the issue before the Defendant City filed its motion for summary judgment and took no action on what he believed was sufficient evidence to assert grounds to reconsider Judge Moon's decision dismissing the *Monell* and equal protection claims. Misjuns did nothing as the case was dismissed and then he appealed. This strategic choice had consequences. It meant that the "new evidence" was neither presented to this Court for consideration nor made part of the record on appeal. And critically, it delayed any attempt to present this evidence to a court for over a year after its discovery. Misjuns chose a path that substantially delayed presentation of allegedly critical evidence, and he now bears the burden of explaining why that delay was reasonable. *See Limon v. Double Eagle Marine, L.L.C.*, 771 F. Supp. 2d 672, 677–78 (S.D. Tex. 2011) (finding that delay of four months was unreasonable where plaintiffs waited to conduct additional discovery after obtaining new information); *Garza-Trevino v. New England Fin.*, No. A-07-CA-495-SS, 2009 WL 10710100, at *2 (W.D. Tex. June 29, 2009) (finding lack of timeliness where the plaintiff waited a year until after entry of judgment and after she lost on appeal).

Misjuns has not met this burden. His explanation—that he hoped to obtain a favorable appellate ruling on specific claims before presenting his new evidence—amounts to strategic forum-shopping. He wanted the Fourth Circuit to rule favorably on his First Amendment claims while preserving the option to later return to district court with evidence that might resurrect his dismissed claims. This approach is precisely the kind of calculated, deliberate choice that cannot justify Rule 60(b) relief. *See Ackermann v. United States*, 340 U.S. 193, 198 (1950) ("There must

---

memorandum so stating. The movant can then request a limited remand from this court for that purpose." *Fobian*, 164 F.3d at 891.

be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved

from."); *Am. Lifeguard Ass'n, Inc. v. Am. Red Cross*, Nos. 92–2460, 92–2527, 93–1190, 93–

1224, 1994 WL 144321, at *2 (4th Cir. Apr. 22, 1994) (explaining that Rule 60(b) is not

intended to protect parties "from the undesirable results that flow from a poorly chosen litigation

strategy"). Rule 60(b) exists to address circumstances beyond a party's control, not to provide a

second chance for parties who made strategic choices that proved unsuccessful.

Moreover, Misjuns's strategy imposed significant costs on Defendants and the judicial

system. Defendants were required to brief and argue an appeal in the Fourth Circuit based on an

incomplete record. Had Misjuns promptly presented his new evidence to this Court, the parties

and the courts could have addressed all issues in a coordinated fashion. Instead, Misjuns's

chosen path resulted in inefficient, piecemeal litigation.

I therefore find that Misjuns did not file his motion within a reasonable time as required

by Rule 60(c)(1).

### B.    Meritorious Claim

Rule 60(b) requires a party to show that, "if relieved from the order of dismissal, she will

have a meritorious claim." *Gilbert v. Athene Annuity & Life Assur. Co.*, No. 1:13CV29, 2013

WL 2317643, at *2 (W.D.N.C. May 28, 2013) (citing *Dowell,* 993 F.2d at 48).

Misjuns first argues that new evidence shows the City Manager had final policymaking

authority and endorsed Misjuns's termination, establishing municipal liability under *Monell*.

Specifically, former interim City Manager Wodicka admitted to continued involvement in

supervising Misjuns's investigation beyond initial conspiracy allegations. HR Director Jackson

and Fire Chief Wormser, in turn, testified that serious disciplinary actions like termination

required and received City Manager endorsement. Finally, Mayor Dolan confirmed she had no

authority over personnel decisions and did not review the termination notice. According to Misjuns, this testimony makes clear that the City Manager was a final policymaking official regarding hiring and firing.

A final policymaker is someone who has "the responsibility and authority to implement final municipal policy with respect to a particular course of action." *Riddick v. Sch. Bd. Of Portsmouth,* 238 F.3d 518, 523 (4th Cir. 2000) (emphasis deleted) (citations omitted). Here, while the City Manager may have final personnel authority, such authority does not establish final policymaking authority. In affirming this Court's dismissal, the Fourth Circuit specifically addressed this issue, noting that "having the authority to make personnel decisions, such as the decision to terminate Misjuns' employment, does not necessarily make [someone] 'a person with final policymaking authority.'" *Misjuns*, 139 F.4th at 385. The court distinguished between "the authority to make final policy [and] the authority to make final implementing decisions." *Id.* (citing *Hunter v. Town of Mocksville*, 897 F.3d 538, 555 (4th Cir. 2018)); *see also Greensboro Pro. Fire Fighters Ass'n, Loc. 3157 v. City of Greensboro*, 64 F.3d 962, 965–66 (4th Cir. 1995) (finding that a fire chief did not have final policymaking authority despite having final authority over promotional decisions). Because Misjuns's new evidence about City Manager endorsement reflects the implementation of existing policy rather than establishing new policy, the Fourth Circuit's ruling precludes success on the merits.[4]

---

[4] Misjuns's *Monell* claim relies primarily on *Lytle v. Doyle*, 326 F.3d 463 (4th Cir. 2003). The court in *Lytle* found that the city manager was a final policymaker for the police department because the city charter provided that the city manager approved all orders, rules, and regulations applicable to the police department. *Id.* at 472. Here, however, Misjuns does not allege that the City Manager established or approved any policy regarding speech or workplace conduct. The City's personnel manual confirms this distinction, providing that "serious actions of suspension or dismissal . . . require notification of and endorsement by the city manager's office." *See* Dkt. 101 at 5. Thus, the City Manager may have final authority to implement personnel policies by

Misjuns next argues that new evidence demonstrates disparate treatment between himself and Younger based on their political speech. Establishing an equal protection violation requires a plaintiff to show that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Here, Misjuns has not established that he and Younger were similarly situated. They received different complaints and community reactions, engaged in different types of misconduct, and were ultimately terminated for different reasons. While Misjuns argues that Fire Chief Wormser's testimony "revealed unequal treatment of firefighters in the department on racial grounds," he also notes that Wormser "refused to offer any details of any investigation." Dkt. 121 at 8, 10. Misjuns has not shown that the deposition testimony would allow him to plead a plausible equal protection claim.

Because Misjuns's proposed claims would not survive a motion to dismiss, he has failed to demonstrate a meritorious claim. Rule 60(b) relief should not be granted when amendment would be futile. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("[A] court should evaluate a postjudgment motion to amend the complaint under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." (internal quotation marks omitted)).

## C.    Lack of Unfair Prejudice

---

approving individual termination decisions but does not have authority to establish the underlying policies themselves.

Courts "should in every case give some, though not controlling, consideration" to the question of unfair prejudice. *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979). Here, I find that granting Misjuns's motion would impose significant unfair prejudice on Defendants.

First, Defendants have expended significant resources defending this case over more than four years of litigation. They obtained dismissal of most claims in 2023, survived discovery, and successfully defended against an appeal to the Fourth Circuit. Requiring Defendants to revisit claims that were dismissed more than two years ago would impose substantial additional costs and burdens.

Second, the prejudice Defendants face stems from Misjuns's litigation choices. Misjuns was responsible for presenting any "newly discovered evidence" within a reasonable time, and he elected not to raise the issue until after he lost in the Fourth Circuit.[5] When Misjuns chose not to raise this new evidence while the case remained in the district court, Defendants reasonably relied on the finality of the April 20, 2023 dismissal order and this Court's July 17, 2024 final judgment, and the parties litigated the issues before the Fourth Circuit based on the existing record. Had Misjuns moved to amend or sought reconsideration of the initial dismissal order in April or July 2024, the parties could have addressed all claims together, potentially avoiding the need for appeal or at least ensuring the Fourth Circuit considered a complete record. Instead, Misjuns's choice to appeal—a choice over which he had sole control—unreasonably and

---

[5] Misjuns invokes the unclean hands doctrine to argue that Defendants' allegedly discriminatory conduct should preclude them from claiming prejudice. But this argument is misplaced. The unclean hands doctrine is an equitable defense that prevents a party from obtaining relief based on that party's own wrongdoing in the underlying transaction. *Food Lion, Inc. v. S.L. Nusbaum Ins. Agency, Inc.*, 202 F.3d 223, 228 (4th Cir. 2000) (citation omitted). It has no application to the procedural question of whether a party will be unfairly prejudiced by reopening a closed case. Moreover, whether Defendants engaged in wrongdoing is the question to be decided on the merits; it cannot be assumed at this stage to justify Rule 60(b) relief.

unnecessarily prolonged this action, resulting in unfair prejudice to Defendants who should not be compelled to relitigate settled matters.

Third, allowing Misjuns to reopen the case now would undermine the important principle of finality of judgments. The Fourth Circuit has affirmed this Court's judgment, and the mandate has issued. Granting Misjuns's motion would send a message that a party can pursue an appeal while holding evidence in reserve and then return to district court for a second bite at the apple if the appeal fails. *See Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) ("[A] party that has stipulated to certain facts or has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down.") (citing *Couch v. Travelers Insurance Co.*, 551 F.2d 958, 959 (5th Cir. 1977); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2858, at 170–73 (1973)).

### D.       Exceptional Circumstances

Misjuns argues that exceptional circumstances exist because of "the extraordinary bifurcated procedural posture of this case," in which some claims were dismissed while others proceeded to discovery, allowing him to discover evidence supporting the dismissed claims only after their dismissal. Dkt. 123 at 12.

I disagree that the circumstances here are exceptional. The situation Misjuns describes— discovery of evidence after partial dismissal—is not unusual. It occurs regularly when some claims survive a motion to dismiss while others do not, and discovery proceeds on the surviving claims. This is a routine feature of federal litigation, not an exceptional circumstance justifying Rule 60(b) relief. Further, the bifurcated nature of the dismissals, even if complex, do not justify or explain Misjuns's delay in presenting his new evidence after its discovery.

## II.    Rule 60(b)(2)

Even if Misjuns satisfies the threshold requirements of Rule 60(b), he must still establish

that he qualifies for relief under Rule 60(b)(2). To obtain relief on the basis of newly discovered

evidence under Rule 60(b)(2), a party must demonstrate:

> (1) the evidence is newly discovered since the judgment was entered; (2) due
> diligence on the part of the movant to discover the new evidence has been
> exercised; (3) the evidence is not merely cumulative or impeaching; (4) the
> evidence is material; and (5) the evidence is such that is likely to produce a new
> outcome if the case were retried, or is such that would require the judgment to be
> amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (citations omitted).

As to the first element, Misjuns "discovered" the evidence at issue in April 2024—three

months prior to the entry of final judgment in this case. Because "[e]vidence that is available to a

party prior to entry of judgment . . . is not a basis for granting a motion for reconsideration as a

matter of law," Misjuns is not entitled to relief under Rule 60(b)(2). *Id.* (citations omitted); *see*

*also Tunnell v. Ford Motor Co.*, No. CIV.A. 4:03CV074, 2006 WL 910012, at *7 (W.D. Va.

Apr. 7, 2006) (finding no basis for a new trial where the party learned of evidence during

discovery), *report and recommendation adopted*, No. CIVA.4:03-CV-00074, 2006 WL 1788233

(W.D. Va. June 26, 2006), *aff'd*, 245 F. App'x 283 (4th Cir. 2007).

The second element is also not satisfied here. The City's personnel manual, containing

policies about city manager endorsement of terminations, was publicly available and therefore

does not constitute newly discovered evidence. *See In re Omeechevarria*, No. 11-13658-RGM,

2014 WL 2766172, at *3 n.1 (Bankr. E.D. Va. June 18, 2014) (explaining that a notice of

bankruptcy available in public records is not considered newly discovered evidence). Regarding

disparate treatment, while the specific details of Younger's case emerged in depositions, the

general existence of other disciplinary matters could have been discovered through targeted

discovery requests earlier in the litigation. *See Guthrie v. Flanagan*, No. CIV.A. 3:07CV479, 2009 WL 1444309, at *3 (E.D. Va. May 20, 2009) (finding invocation of Rule 60(b) inappropriate where the evidence preexisted filing of action and the party "proffered no reason why a discovery request broad enough to call for the production of the [evidence] was not made"), *aff'd*, 358 F. App'x 466 (4th Cir. 2009). Indeed, all newly discovered evidence was discovered during the regular discovery process, not through extraordinary means. Misjuns therefore cannot demonstrate reasonable diligence as required by Rule 60(b)(2).

Finally, for the same reasons Misjuns has not demonstrated a meritorious claim, he cannot satisfy the remaining three elements of Rule 60(b)(2). Misjuns has not established that the newly discovered evidence is "of such a material and controlling nature as [would] probably [have] change[d] the outcome." *Schultz v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994) (citation omitted), *superseded on other grounds by statute*.

## CONCLUSION

Accordingly, Misjuns is not entitled to relief under Rule 60(b)(2). Misjuns's Motion for Relief of Judgment, to Reopen Case and to Permit Amendment of Complaint is **DENIED**.

It is so **ORDERED**.

Entered:  March 30, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

14